UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| Victor F. Sanchez,<br><br>        Plaintiff,<br><br>vs.<br><br><br>Kilolo Kijakazi, Commissioner of Social Security,<br><br>        Defendant. | 2:22-cv-00936-VCF<br><br>**Order**<br><br>MOTION TO REMAND [ECF NO. 21]; CROSS-MOTION TO AFFIRM [ECF NO. 24] |

This matter involves plaintiff Victor F. Sanchez's request for a remand of the Administrative Law Judge's ("ALJ") final decision denying his social security benefits. Sanchez filed a motion for remand (ECF No. 21) and the Commissioner filed a cross-motion to affirm. (ECF No. 24). I grant plaintiff's motion to remand and deny the Commissioner's cross-motion.

I.     **Background**

Sanchez filed an application for supplemental security income on July 23, 2019, alleging disability commencing September 10, 2018. AR[1] 220-221. The ALJ followed the five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. § 404.1520. The ALJ

---

[1] The Administrative Record ("AR") is at ECF No. 16.

1

agreed that Sanchez did not engage in substantial gainful activity since September 10, 2018 (step one). AR 29. The ALJ found that Sanchez had medically determinable severe impairments consisting of degenerative changes of the cervical spine; degenerative changes of the lumbar spine; degenerative changes of the right shoulder; right carpal tunnel syndrome; bipolar disorder; attention deficit disorder; adjustment disorder with depressed mood; and mild cognitive impairment, status post traumatic brain injury. AR 29; see also 20 C.F.R., Part 404, Subpart P, Appendix 1.

The ALJ assessed Sanchez as retaining the residual functional capacity to perform light work except he can occasionally climb stairs and ramps, but cannot climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; frequently handle and finger with his right upper extremity; frequently reach overhead; understand, carry out, and remember work instructions, use judgment to make work-related decisions, accept supervision and interact with co-workers, and adapt to occasional change in a routine work setting to perform simple work tasks, with occasional brief and casual interaction and with members of the public. AR 32.

The ALJ compared the residual functional capacity assessed to the demands of Sanchez's past relevant work and decided that he could not perform those kinds of work. AR 39. The ALJ observed that Sanchez was born on January 4, 1967, and that he was an individual closely approaching advanced age. AR 40. The ALJ noted that Sanchez has at least a high school education. *Id.* The ALJ found that Sanchez has no transferable skills. *Id.* The ALJ found that Sanchez could perform the alternate occupations of mail clerk; router clerk; and checker I. AR 41. The ALJ concluded that Sanchez did not suffer from a disability between September 10, 2018, and the date of the decision. AR 41.

Plaintiff argues that the ALJ failed to articulate clear and convincing reasons for rejecting Sanchez's testimony. ECF No. 21. Plaintiff argues that Sanchez's treatment was not conservative because leading up the hearing, plaintiff's doctor recommended injection therapy and plaintiff was being

scheduled for those treatments. *Id.* Plaintiff argues that he delayed treatment because of the pandemic and because he was impeded by his inability to afford certain treatment. *Id.* at 9. Plaintiff argues that the ALJ did not cite to any evidence of malingering. *Id.* at 8. Plaintiff also argues that the ALJ failed to properly evaluate the opinions of Dr. Shah. *Id.* at 21.

The Commissioner argues the ALJ's decision is supported by substantial evidence. ECF Nos. 24 and 25 at 6. The Commissioner argues that it was reasonable for the ALJ to discount plaintiff's statements of debilitating pain given that for most of the period, plaintiff had no injections. *Id.* at 10. The Commissioner argues that plaintiff did not schedule injections until the eleventh hour before the hearing, so it was reasonable for the ALJ to discount plaintiff's statements about pain. *Id.* at 10. The Commissioner also argues that the ALJ properly articulated why he found Dr. Shah's opinion unpersuasive because it was neither well-supported nor consistent with medical and other evidence. *Id.* at 18. Plaintiff argues in his reply that there was a formulated treatment plan beyond medication management, and that Dr. Ghuman specifically noted that authorization for injection therapy was pending. AR 814.

**II.  Discussion**

   **a.  Legal Standard**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law.  U.S. Const. amend. V.   Social security plaintiffs have a constitutionally protected property interest in social security benefits.  *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990).  When the Commissioner of Social Security renders a final decision denying a plaintiff's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The substantial evidence threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 1154, 1157; *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) (quoting *Biestek*); see also *Valentine v. Astrue*, 574 F.3d 685, 690 (9th Cir. 2009) (substantial evidence "is a highly deferential standard of review"). The substantial evidence standard is even less demanding than the "clearly erroneous" standard that governs appellate review of district court fact-finding—itself a deferential standard. *Dickinson v. Zurko*, 527 U.S. 150, 152-53 (1999). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The District Court's review is limited. *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The ALJ must engage in a preliminary two-step analysis before discounting the claimant's testimony regarding his subjective symptoms. SSR 16–3p; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-

36 (9th Cir. 2007). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment, "which could reasonably be expected to produce the pain or other symptoms alleged." *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991). The claimant "need not show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). If the claimant meets this first test, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of his symptoms by offering specific, clear and convincing reasons for doing so." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). To reject the claimant's testimony, the ALJ must point to specific facts in the record that demonstrate the individual's symptoms are less severe than he claims. *Vasquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009). General findings are not enough: the ALJ must identify which testimony is not credible and what evidence undermines it. *Lester*, 81 F.3d at 834.

In evaluating a claimant's testimony, the ALJ may use ordinary techniques of credibility evaluation. *Turner v. Comm'r Soc. Sec.*, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010)). For example, an ALJ may consider factors such as: (i) inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct; (ii) whether the claimant engages in daily activities inconsistent with the alleged symptoms; or (iii) functional restrictions caused by the symptoms. *Rounds v. Comm'r SSA,* 807 F.3d 996, 1006 (9th Cir. 2015).

The Ninth Circuit has found injections to be nonconservative, *Garrison v. Colvin*, 759 F.3d 995, 1015 n. 20 (9th Cir. 2014); *Revels v. Berryhill*, 874 F.3d 648, 667 (9th Cir. 2017); see also *Miner v. Colvin*, 609 F. App'x 454, 455 (9th Cir. 2015)(plaintiff's treatment may not have been characterized as conservative had his doctors recommended "surgeries or other aggressive treatments"); *Childers v.*

*Berryhill*, 2019 U.S. Dist. LEXIS 57474, at 21 (D. Nev. Mar. 12, 2019) ("Many courts consider the use of narcotics and injections for pain management not conservative in nature").

The Court may remand for further proceedings if enhancement of the record would be useful. See *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 1990). The Court may also remand for further proceedings "'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Garrison v. Colvin* 759 F.3d 995, 1020 (9th Cir. 2014).

**b. Analysis**

Regarding plaintiff's testimony, the ALJ found that, "there is simply not enough evidence of debilitating impairments to make the allegations readily believable." AR 38. The ALJ also found that, "the record contains little to no evidence of the claimant continuing to receive physical therapy after 2019, nor is there evidence of the claimant receiving ongoing regular pain relief injections or of the claimant's doctors recommends [sic] surgical intervention." Babuk Ghuman, M.D., however, recommended that Sanchez undergo injection therapy on May 15, 2020. AR 796. On August 25, 2020, Sanchez confirmed that he did wish to proceed with injection therapy and physical therapy. AR 811. Dr. Ghuman was waiting for authorization for injection therapy. AR 814. Leading up to the hearing, injections were being scheduled. AR 921. Such injections are not conservative treatments. *Garrison v. Colvin*, 759 F.3d 995, 1015 n. 20 (9th Cir. 2014).

At the April 22, 2021, hearing, the Sanchez testified that he was not able to get more aggressive treatment due to an inability to pay, lack of transportation, and COVID concerns during the pandemic. AR 86 and 87. The record also reflects that he informed his doctor that he was unable to follow through with part of his treatment plan because he could not afford to pay for the treatment and lacked transportation. AR 127. Plaintiff had a treatment plan, but he was not able to schedule the injection

therapy in part[2] because of his financial situation. The fact that he could not schedule treatment for severe pain because he could not afford it and lacked transportation does not undermine his testimony. See *Gamble v. Chater*, 68 F.3d 319, 321-22 (9th Cir. 1995) ("Disability benefits may not be denied because of the claimant's failure to obtain treatment he cannot obtain for lack of funds…It flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him.")

The ALJ did not articulate clear and convincing reasons for rejecting Sanchez's testimony. Although it appears that the ALJ considered the appropriate factors, he does not explain specifically how the claimant's testimony is inconsistent with the evidence. The ALJ's analysis frustrates meaningful review because it is not clear why the ALJ rejected the claimant's testimony. The ALJ's references to the claimant's testimony are general. The ALJ did not cite affirmative evidence of malingering. Injection therapy is not conservative treatment. The ALJ was aware that plaintiff could not afford to schedule his treatment plan earlier. The ALJ's opinion lacks the support of substantial evidence. No legal basis for rejection of claimant's testimony appears in the record. The ALJ is responsible for resolving ambiguities in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Since I find that the ALJ failed to articulate clear and convincing reasons for rejecting Sanchez's testimony regarding his non-conservative injection therapy treatment plan and his delayed treatment due to his financial restraints, I do not reach the other issues that the plaintiff raised in his appeal.

The "credit-as-true," rule permits a direct award of benefits on review in rare circumstances. *Leon v. Berryhill*, 874 F.3d 1130 at 3 (9th Cir. 2017, amended Jan. 25, 2018). Under the three-part rule, I

---

[2] Given the length of time that it takes for social security cases to make it through an appeal, the case law is currently sparse regarding what courts should consider regarding delayed treatment plans during the pandemic for social security claimants. I do not reach that issue here.

7

first consider whether the "ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Id.* at 6. This step is met for the reasons set forth above. At the second step, I consider whether there are "outstanding issues that must be resolved before a disability determination can be made" and whether further administrative proceedings would be useful. *Treichler,* 775 F.3d at 1101. "In evaluating this issue, [I] consider whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules." *Id.* at 1103-1104. "Where...an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Id.* at 1105.

Since the ALJ's findings are inadequate and ambiguous, remand for further findings is appropriate. See *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995). The more prudent course is to remand this case to the ALJ for further comment on plaintiff's testimony. I find that further administrative proceedings are necessary and remand the case. I have reviewed the administrative record as a whole and I find that the ALJ's decision is not wholly supported by substantial evidence. I remand this case.

Accordingly,

I ORDER that plaintiff Sanchez's motion for reversal and/or remand (ECF No. 21) is GRANTED. and the Commissioner's cross-motion to affirm (ECF No. 24) is DENIED.

The Clerk of Court is directed to enter final judgment in favor of plaintiff.

DATED this 30th day of January 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE